IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Sandra W. Robertson, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:10-597-HMH-KFM |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.[1]  Sandra W. Robertson ("Robertson") seeks judicial review of the Commissioner of Social Security's ("Commissioner") denial of her application for disability insurance benefits ("DIB") under Title II of the Social Security Act.  In his Report and Recommendation, Magistrate Judge McDonald recommends reversing the Commissioner's decision and remanding the case for further proceedings.  The Commissioner objects to the Report and Recommendation.  Robertson filed a response in support of the magistrate judge's Report.  For the reasons stated below, the court adopts the Report and Recommendation and reverses and remands the case for further proceedings.

---

[1] The magistrate judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions.  See 28 U.S.C. § 636(b)(1).

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

The facts are fully set forth in the decision of the administrative law judge ("ALJ"), (R. at 10-17), and summarized as follows. At the time of the ALJ's decision on February 17, 2009, Robertson was a forty-nine-year-old woman with a high school education and past relevant work as a counselor. (Id. at 16.) Robertson alleges that she has been disabled since August 10, 2005, due to fibromyalgia. (Id. at 118.)

On November 1, 2005, Robertson filed an application for DIB. (Id. at 10.) The application was denied initially and on reconsideration. (Id.) On February 17, 2009, after a hearing on November 13, 2008, the ALJ found that Robertson was not disabled within the meaning of the Social Security Act because Robertson could perform a significant number of jobs in the national economy. (R. at 10, 16.) The Appeals Council denied Robertson's request for review of the ALJ's decision on January 21, 2010, thereby making the determination of the ALJ the final decision of the Commissioner. (Id. at 1.) Robertson filed the instant action on March 10, 2010.

### II. REPORT AND RECOMMENDATION

The magistrate judge recommends remanding the case because the ALJ failed to (1) properly consider the opinions of Dr. Josette Johnson ("Dr. Johnson"), and Dr. Roslyn Harris ("Dr. Harris"), Robertson's treating physicians; and (2) properly consider Robertson's subjective complaints of pain. (Report & Recommendation, generally.) Accordingly, the magistrate judge recommends reversing the Commissioner's decision and remanding the case for further proceedings. (Id. at 21.)

### III. Discussion of the Law

#### A. Standard of Review

Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). Accordingly, the court "must uphold the factual findings of the [Commissioner] if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations omitted). Hence, absent any error of law, if the Commissioner's findings are supported by substantial evidence, the court should uphold the Commissioner's findings even if the court disagrees. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

#### B. Objections

The Commissioner objects to the magistrate judge's conclusions, alleging that the ALJ properly evaluated the opinions of Robertson's treating physicians and considered Robertson's complaints of pain. The Commissioner submits that the ALJ's decision is supported by substantial evidence and the magistrate judge is improperly re-weighing the evidence. (Objections, generally.)

##### 1. Opinions of Treating Physicians

The magistrate judge recommends remanding this case to the ALJ to properly evaluate the opinions of Dr. Harris and Dr. Johnson. The Commissioner objects, arguing that "the

extreme limitations contained in the form opinions of Drs. Harris and Johnson were inconsistent with other record evidence, including their own treatment notes and objective medical findings." (Objections 6.)  The ALJ must afford controlling weight to a treating physician's opinion if it is not inconsistent with substantial evidence in the record and is well supported by clinical and laboratory diagnostic techniques.  20 C.F.R. § 404.1527(d)(2) (2006); see also Pittman v. Massanari, 141 F. Supp. 2d 601, 608 (W.D.N.C. 2001) (If a treating physician's opinion is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques . . . [and consistent] with the other substantial evidence in the record . . . [it is not] entitled to 'controlling weight.'").  Social Security Ruling 96-2p requires that an ALJ give specific reasons for the weight given to a treating physician's medical opinion.  SSR 96-2p, 1996 WL 374188, at *5 (1996).

The ALJ afforded little weight to Dr. Johnson's opinion.  The ALJ noted that Dr. Johnson found that Robertson suffered from "generalized pain syndrome, mild degenerative changes of the cervical spine, and mild scoliosis" and "could lift ten pounds, stand/walk three hours, and sit four hours in an eight hour day.  [Robertson] could bend, stoop, grasp, and reach occasionally."  (R. at 14.)   The ALJ found as follows with regard to Dr. Johnson's opinion: "Little weight is given to Dr. Johnson's assessment.  It is not substantiated with objective findings and seems largely based on the claimant's subjective complaints."  (Id.)  Further, the ALJ noted that Dr. Harris

> completed a fibromyalgia residual functional capacity questionnaire on February 20, 2006 and January 30, 2007.  Dr. Harris indicated that the claimant had moderate to severe pain through her body affected by changes in the weather, cold, fatigue, and stress.  The claimant could sit less than two hours, and

> stand/walk less than two hours in an eight hour day. She could not lift any amount of weight, and required a sit/stand option. The claimant can rarely twist, stoop, crouch, or climb ladders or stairs. She was limited in her ability to reach, handle and finger.

(Id. at 15.) The ALJ found that "[l]ittle weight is given to Dr. [Harris'] assessments. They are unduly restrictive, and not substantiated with objective findings. The assessments reflect the claimant's subjective complaints." (Id.) The ALJ afforded substantial weight to the opinions of Dr. Joseph Hammond ("Dr. Hammond"), a psychologist who performed a consultative evaluation. The ALJ noted that

> [o]n April 25, 2006, Dr. Joseph [Hammond] performed a consultative psychological evaluation. She reported making simple meals, reading, going to church occasionally, and getting along with others. The claimant was diagnosed with a possible somatic contribution to a pain disorder, and a possible adjustment disorder with depressed mood. The claimant was able to understand, remember, and carry out simple instructions. Her restrictions were pain, and not psychologically based.

(Id.) The ALJ concluded that Dr. Hammond "submitted a detailed report which included a clinical interview and observations. I find that the examination was thorough and consistent with the evidence of record. I will consider this report in the evaluation of disability and give it substantial weight." (R. at 15.)

> As the Seventh Circuit has explained,
>
> [fibromyalgia's] cause or causes are unknown, there is no cure, and, of greatest importance to disability law, its symptoms are entirely subjective. There are no laboratory tests for the presence or severity of fibromyalgia. The principal symptoms are "pain all over," fatigue, disturbed sleep, stiffness, and – the only symptom that discriminates between it and other diseases of a rheumatic character – multiple tender spots, more precisely 18 fixed locations on the body (and the rule of thumb is that the patient must have at least 11 of them to be diagnosed as having fibromyalgia) that when pressed firmly cause the patient to flinch.

Sarchet v. Chater, 78 F.3d 305, 306 (7th Cir. 1996). As the magistrate judge thoroughly noted in the Report and Recommendation, there is significant evidence in the medical records to support Dr. Harris' and Dr. Johnson's assessment of Robertson. Both Dr. Harris and Dr. Johnson reached similar conclusions regarding Robertson's residual functional capacity ("RFC"). The ALJ afforded the treating physicians' opinions little weight because they were largely based on Robertson's subjective complaints. In contrast, the ALJ afforded Dr. Hammond's opinion significant weight. As noted above, the symptoms of fibromyalgia are subjective, and therefore, the lack of objective findings is insufficient to discount the opinions of Robertson's treating physicians. Further, Dr. Hammond's opinion was based on a consultative examination and his specialty is psychology. As the magistrate judge notes, "there was no physical consultative medical evaluation conducted on her at all, much less one that refutes the physical limitations described by her treating physicians." (Report & Recommendation 17.) In his objections, the Commissioner outlines evidence from Dr. Johnson's and Dr. Harris' records that supports the ALJ's decision to discount their opinions. (Objections 7-8.) However, the ALJ fails to cite any of this evidence in reaching the decision to discount the treating physicians' opinions. Based on the foregoing, the ALJ failed to properly consider the opinions of Robertson's treating physicians.

### 2. Robertson's Subjective Complaints

The magistrate judge recommended remanding the case to the ALJ to properly evaluate Robertson's subjective complaints of pain. "[T]he determination of whether a person is disabled by pain or other symptoms is a two-step process." Craig, 76 F.3d at 594. "First, there

must be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." Id. (quoting 20 CFR §§ 416.929(b) & 404.1529(b) (emphasis omitted).  In order "for pain to be found to be disabling, there *must* be shown a medically determinable impairment which could reasonably be expected to cause not just pain, or some pain, or pain of some kind or severity, but *the pain the claimant alleges she suffers*." Id. "It is only *after* a claimant has met her threshold obligation of showing by objective medical evidence a medical impairment reasonably likely to cause the pain claimed, that the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work, must be evaluated." Id. at 595.  If a claimant establishes an underlying impairment that is capable of causing pain,

> subjective evidence of the pain, its intensity or degree can, by itself, support a finding of disability.  Objective medical evidence of pain, its intensity or degree . . . , if available, should be obtained and considered.  Because pain is not readily susceptible of objective proof, however, *the absence of objective medical evidence of the intensity, severity, degree or functional effect of pain is not determinative*.

Hines v. Barnhart, 453 F.3d 559, 564-65 (4th Cir. 2006). Nevertheless,

> [i]n determining the credibility of [a claimant's] statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record.

SSR 96-7p, 1996 WL 374186, at *1 (1996).  Therefore, while an "individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have

on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence," when objective evidence conflicts with a claimant's subjective statements, an ALJ is allowed to give the statements lesser weight. Id.; see also Hines, 453 F.3d at 565 n.3 ("Although a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment . . . ."). In making these determinations,

> [i]t is not sufficient for the adjudicator to make a single, conclusory statement that the "individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

SSR 96-7p, 1996 WL 374186, at *2 (1996).

The ALJ found that Robertson's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." (R. at 15.) The ALJ concluded that Robertson was

> not fully credible concerning the severity of her symptoms and the extent of her limitations. Neither the severity nor the extent is supported by the objective medical evidence of record. The plaintiff testified to pain throughout, but treatment notes show some relief with Ultram. The [plaintiff] also testified to depression and anxiety, but admitted to Dr. Johnson that she did not take Trazadone as prescribed . . . . Despite her allegations of pain, the [plaintiff] is able to sustain concentration to read and watch television programs . . . . She is also able to visit with family, occasionally go to church, and go to the grocery store when needed.

(Id.)  The Commissioner argues that the ALJ reasonably considered the objective medical evidence and "properly considered inconsistencies between Plaintiff's allegations and other evidence of record."  (Objections 3-4.)  The ALJ considered Robertson's activities of daily living and her response to medication in reaching his decision.  As noted above, however, the ALJ's decision is devoid of reference to any objective evidence aside from a passing reference to "treatment notes" that he relied on in discounting Robertson's subjective complaints.  (R. at 15.)  The Commissioner cites inconsistencies in the record between the objective medical evidence and Robertson's allegations of pain.  (Objections 4.)   However, the ALJ fails to cite any objective medical evidence in support of his decision.  Thus, the court is unable to determine if the ALJ's decision is supported by substantial evidence.  Based on the foregoing, the court adopts the magistrate judge's Report and Recommendation.

It is therefore

**ORDERED** that the Commissioner's decision is reversed and remanded for further proceedings.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
April 25, 2011

9